IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FLOYD A. KEYES, #98031900,       *
          Plaintiff

                           *

     v.                        CIVIL ACTION NO. CCB-06-722

                           *

WARDEN, et al.,
          Defendants       *

                      ******

## MEMORANDUM

Now before the court is a Motion to Dismiss filed by Defendants Anthony Sarbanes, Theodore Shea, and Wicomico County. Paper No 17. Paper No. 11.  The court is also in receipt of plaintiff's "Motion to Withdraw Defendant's from Complaint" wherein he seeks to withdraw his complaint as to defendants Anthony Sarbanes and Theodore Shea.  Paper No. 13.  No hearing is needed to resolve the pending motions pursuant to Local Rule 105.6 (D. Md. 2004).

### Background

Plaintiff alleges that on January 13, 2006, he was subjected to excessive force by members of the Salisbury City Police Department.[1]  He further alleges that Wicomico County State's Attorney David Ruark refused to prosecute his criminal complaint against the named police officers.  Paper No. 3.

---

[1]Given that the police officers and police officials have not been served and do not appear to be employees of Wicomico County government, plaintiff shall be required to assist the court in attempting to obtain service on each of the named defendants.  To that end, the Clerk will be directed to mail four United States Marshals Service Forms ("285s")  to plaintiff, who must complete one form for each defendant and return the forms within twenty-one (21) days from the date of this Order to: the Clerk,  United States District Court for the District of Maryland, 101 W. Lombard Street, Baltimore, Maryland 21201.  Plaintiff is forewarned that his failure to comply with this Order may result in the dismissal of his claims against these defendants.  Once the forms are received, this court shall direct the Clerk to issue summons and the U.S. Marshal to effectuate service of process on these defendants.

## Analysis

### A.      Motion to Withdraw

Fed. R. Civ. P. 41(a)(1) provides that: "an action may be dismissed by the plaintiff without order of court by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs" or by "filing a stipulation of dismissal signed by all parties who have appeared in the action."   Given that defendants Anthony Sarbanes and Theodore Shea have neither answered the complaint, nor filed a motion for summary judgment, plaintiff's motion shall be granted.

### B.      Prosecutorial Immunity

Prosecutors are immune from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process...." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Springmen v.  Williams*, 122 F.3d 211, 213 (4th Cir.  1997).  Here, the alleged conduct is clearly "intimately associated with the judicial phase of the criminal process" and is thus entitled to absolute prosecutorial immunity.  *See Imbler*, 424 U.S. at 430.  For  this reason, plaintiff's claim against defendant Ruark is subject to dismissal.

### C.      Motion to Dismiss

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U. S. 69, 73 (1989) *(citing Conley v. Gibson*, 355 U. S. 41, 45-46 (1957)).  "While §1983 complaints that recite bare legal conclusions that are 'wholly devoid of facts' or that are not supported by specific facts pleaded, may warrant dismissal, conclusory legal assertions that are supported by the

2

pleaded facts - even if the factual assertions are equally consistent with a contrary conclusion - should survive a Rule 12(b)(6) motion to dismiss." *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989) (citations omitted). "In considering a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiffs, and its allegations taken as true." *Finlator v. Powers,* 902 F.2d 1158, 1160 (4th Cir. 1990) (*citing Jenkins v. McKeithen*, 395 U. S. 411 (1969)).        Municipalities are only liable for § 1983 violations if the alleged unconstitutional act was caused by an official policy or custom. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Municipal policy arises from written ordinances, regulations, statements of policy, *id*. at 690, decisions by municipal policy makers, and omissions by policy makers that show a "deliberate indifference" to the rights of citizens. *See Monell,* 436 U.S. at 690, *Rembaur v. City of Cincinnati,* 475 U.S.469, 483 (1986); *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). The Supreme Court and the Fourth Circuit have repeatedly observed that proof of a single violation is insufficient to support the inference that the alleged constitutional violation resulted from a municipal policy, custom or practice. *See City of Oklahoma v. Tuttle*, 471 U.S. 808, 821 (1985); *Carter v. Morris*, 164 F.3d 215, 220 (4th Cir. 1999); *Semple v. City of Moundsville*, 195 F.3d 708, 713-14 (4th Cir. 1999), *cert. denied*, 528 U.S. 1189 (2000); *Spell v. McDaniel*, 824 F.2d 1380, 1391 (4th Cir. 1987), *cert. denied sub nom. City of Fayetteville v. Spell*, 484 U.S. 1027 (1988).

Even when affording the complaint a generous construction, it plainly fails to allege injury resulting from written regulation or government policy of inadequate training or supervision that amounts to deliberate indifference to the rights of persons with whom the police come in contact. Under the liberal system of "notice pleading" established by Rule 8(a)(2) of the Federal Rules of Civil Procedure, plaintiff's pleading is insufficient to withstand dismissal as to Wicomico County.

Likewise, plaintiff's complaint against "the Warden" and Mayor Barrie Tighmans is subject to dismissal. Plaintiff makes no specific reference to the Mayor in his complaint other than simply naming the Mayor as a defendant.[2]   It would appear that he is attempting to hold this  defendant liable as a supervisor and/or policy maker.  The doctrine of *respondeat superior* does not apply to actions under 42 U.S.C. §1983.  *See Monell v. New York Dept. of Social Services,* 691.  In order for supervisory liability to exist in a §1983 action it must be established:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994); *see also Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984).

Plaintiff has not pointed to any specific action or inaction on the part of the Mayor that in any way contributed to his injuries.  There is simply no basis for liability on the part of this defendant.

## Conclusion

In light of the foregoing, plaintiff's motion to withdraw his complaint as to defendants

---

[2]Plaintiff's original complaint was in letter form.  The court construed the complaint as having been filed against the "Warden" pending further supplementation by plaintiff.  Plaintiff has not alleged any claim against the Warden of the Wicomico County Detention Center in his supplement complaint and as such the Warden shall be dismissed as a defendant in these proceedings.  Defendants have neglected to specifically include Mayor Tighmans in the Motion to Dismiss. The court,  however, concludes that it is appropriate in the interest of justice and the speedy resolution of this action to render a decision as to plaintiff's claim against the Mayor.

Sarbanes and Shea[3] shall be granted and defendants' motion to dismiss shall be granted as to

defendants Wicomico County and Mayor Barrie Tighmans.  Additionally, plaintiff's complaint

against "the Warden" and State's Attorney David Ruark shall be dismissed.


   September 29, 2006                                  /s/
Date                                                          Catherine C. Blake
                                                              United States District Judge

---

[3]The Clerk shall be directed to delete Theodore E. Sheath from the docket.  It appears that this is a misspelling of defendant Theodore Shea's correct name.

5